SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail:  Sean_Kennedy@fd.org)
DEAN R. GITS (No. 50598)
Deputy Federal Public Defender
(E-mail:  dean_gits@fd.org)
321 East 2nd Street
Los Angeles, California  90012-4202
Telephone (213) 894-7867
Facsimile (213) 894-0081

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>       v.<br><br>RAFAEL MUNOZ GONZALEZ, et al.,<br><br>          Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | NO. CR. 10-567<br><br>EX PARTE APPLICATION FOR APPOINTMENT OF H. DEAN STEWARD AS LEARNED COUNSEL ON BEHALF OF CESAR MUNOZ GONZALEZ |

The Office of the Federal Public Defender, through Chief Deputy Federal Public Defender Dean R. Gits, respectfully requests that this Court appoint H. Dean Steward, Esq. to serve as learned counsel in the representation of Defendant Cesar Munoz Gonzalez in the above referenced matter.

This request is pursuant to 18 U.S.C. § 3005, and is based upon the fact that Mr. Cesar Gonzalez is charged with an offense that carries the potential sentence of death if convicted of such offense.

//

//

1     This application is based on the attached Memorandum of Points and

2  Authorities, declaration of counsel, all files and records in this case, and such

3  further information as may be submitted to this Court with respect to this

4  application.

5

6                                          Respectfully submitted,

7                                          SEAN K. KENNEDY
                                           Federal Public Defender
8

9
   DATED: June 11, 2010              By_____/S/_____
10                                        DEAN R. GITS
                                          Chief Deputy Federal Public Defender
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3       Cesar Muñoz Gonzalez (Cesar Gonzalez) is charged in case CR 10-567 with

4   various felony counts, three of which (counts 2, 3, and 4) provide for the potential

5   sentence of death upon conviction. 18 U.S.C. § 3005 mandates that in appointing

6   counsel on a capital case, the court shall consider the recommendation of the

7   Federal Public Defender.[1]

8       In order to comply with the mandate to recommend staffing on capital cases

9   without delaying the appointment of capital counsel, the Federal Public Defender

10  and the United States Attorney have reached an understanding that the Government

11  will provide the Public Defender with as much advance notice as possible of capital

12  filings. In Mr. Cesar Gozalez' case, the FPD did not have sufficient notice in order

13  to obtain available learned counsel in time for Cesar Gozalez' initial appearance.

14  Consequently, the Court at that appearance appointed CJA panel attorney Steve

15  Escovar to represent Mr. Cesar Gonzalez. The statute provides that a person facing a

16  capital charge is entitled to two counsel. The FPD is certainly satisfied with Mr.

17  Escovar's appointment, and by this motion seeks only to obtain appointment of

18  learned counsel in addition to the counsel already appointed on Mr. Gonzalez'

19  behalf.

20      H. Dean Steward is a highly skilled and experienced attorney in the area of

21  federal criminal law. He has previously represented defendants charged with capital

22  crimes. Among his other accomplishments as a federal defense attorney, he served as

23

24  [1]      Section 3005 provides in pertinent part:
        Whoever is indicted for treason or other capital crime shall be allowed to make

25      his full defense by counsel; and the court before which the defendant is to be
        tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2

26      such counsel, of whom at least 1 shall be learned in the law applicable to
        capital cases, and who shall have free access to the accused at all reasonable

27      hours. In assigning counsel under this section, the court shall consider the
        recommendation of the Federal Public Defender organization  . . . .

28

lead counsel in a federal capital trial in this district brought against members of the Arian Brotherhood.

The Government has been notified of this motion, and although it takes no position on the request made herein, has no objection to the filing of this ex parte motion.

For the reasons set forth above, the undersigned respectfully requests that this court appoint H. Dean Steward, 107 Avenida Miramar, Suite C, San Clemente, CA 92672 as learned counsel on behalf of Cesar Munoz Gonzalez.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: June 11, 2010        By_____/S/_____
DEAN R. GITS
Chief Deputy Federal Public Defender

4

# DECLARATION OF DEAN R. GITS

I, Dean R. Gits, do hereby declare:

1.     I am Chief Deputy Federal Public Defender for the Central District of California.

2.     In the morning of June 8, 2010, I received notice of a 17 defendant indictment alleging various crimes, some of which carried a potential sentence of death as to two of the defendants that were to be brought before the Court that day. Cesar Muñoz Gonzalez was one of those defendants.

3. 18 U.S.C. § 3005 provides that defendants in capital cases are entitled to two attorneys, and that one of those attorneys must be "learned in the law applicable to capital cases." Because of the short notice, the Federal Public Defender was unable to recommend the appointment of learned counsel at Mr. Gonzalez' initial appearance. The Court appointed CJA panel attorney Steve Escovar as one of Mr. Gonzalez' counsel.

4.     Since the time of Mr. Gonzalez' initial appearance, the Federal Public Defender has consulted with H. Dean Steward, Esq., counsel who is learned in capital cases and who is agreeable to serve as Mr. Gonzalez' counsel. Mr. Steward is highly qualified to handle federal capital cases, having represented defendants charged in federal capital cases in this district, including serving as lead counsel in the Arian Brotherhood trial.

5.     On June 11, 2010, I spoke telephonically with Assistant United States Attorney Christopher Pelham regarding the Government's position on this ex parte

application. Mr. Pelham indicated the Government took no position on the FPD's recommendation for the appointment of Mr. Steward in this matter, and had no opposition to the FPD seeking Mr. Steward's appointment by way of this ex parte application.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge.

Dated this 11th day of June, 2010, at Los Angeles, California.

                                   /S/
                              DEAN R. GITS
                              Chief Deputy Federal Public Defender