H. DEAN STEWARD
SBN 85317
107 Avenida Miramar
Ste. C
San Clemente, CA 92672
Telephone: (949) 481-4900
Facsimile: (949) 496-6753

Attorney for Defendant
CESAR MUNOZ GONZALEZ

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-10-567-AHM |
| Plaintiff, | NOTICE OF MOTION; MOTION TO TAKE RULE 15 DEPOSITION; POINTS AND AUTHORITIES; DECLARATION OF COUNSEL |
| v. | |
| CESAR MUNOZ GONZALEZ, ET. AL. | DATE: March 14, 2011 |
| Defendants. | TIME: 4:00 PM |

To: United States Attorney Andre Birotte and Asst. U.S. Attorney Christopher Pelham, Please take notice that on March 14, 2011 at 4:00 PM, the defendant with bring the below motion for Rule 15 deposition of Raul Lopez-Schwanz, for the reasons and authority set out below, in the courtroom of the Hon. A. Howard Matz, 312 N. Spring St., #14, Los Angels, California.

Dated: March 1, 2011    S./ H. Dean Steward
                         H. Dean Steward
                         Counsel for Defendant
                         Cesar Munoz Gonzalez

## I. BACKGROUND

By this motion, defendant seeks to take the Rule 15 deposition of witness Raul Lopez-Schwanz. The witness is currently in the custody of the California Department of Corrections and Rehabilitation, and is scheduled to be released in April of 2011. Lopez-Schwanz is an illegal alien, and will be deported shortly after his release from custody. He will therefore not be available to testify at trial in September of this year.

Lopez-Schwanz was one of several residents of the house at 357 S. 4th Ave in La Puente, California. The residence was searched pursuant to a warrant on July 6, 2006. Lopez-Schwanz was the only person in the home at the time of the search. Narcotics and weapons were seized, along with other items that the government plans to introduce into evidence at trial.

The government alleges that the drugs sold out of the 4th Avenue house were connected to the conspiracy/RICO charged in the instant indictment. In addition, certain weapons and other evidence is alleged to be evidence of the conspiracy and other charges alleged. Specifically, the indictment charges activity/drugs/weapons/other evidence at the 4th Avenue address at:

1. Count 1, overt act 12, p. 13-14
2. Count 2, overt act 10, p. 29
3. Count 3, overt act 1 (alleging the acts from Count 1), p. 37
4. Count 8, p. 38
5. Count 9, p. 39
6. Count 12, p. 42 (defendant Michael Torres only)

7. Count 13, p. 43 (defendant Angel Torres only)

Witness Lopez-Schwanz is not a defendant in this case, but has pled guilty to charges in state court stemming from the July 6, 2006 search. He is currently serving a six year prison sentence for that case.

The undersigned interviewed Lopez-Schwanz in custody on Dec. 30, 2010. Lopez-Schwanz indicated:

- The drugs at the 4th Avenue house had no connection to Rafael Gonzalez and/or his brother, Cesar Gonzalez. Also, the weapons, scales and other items seized had no connection to the Gonzalez brothers.
- Government informant E.G. did not frequent the 4th Avenue house as he claims. He was not welcome there, and Lopez-Schwanz said E.G. was a "known piece of s___". E.G. was specifically not welcome at the 4th Avenue house and was not there at all the day of the murder of David Dragna, charged in count 4 herein. E.G. had been "kicked out" of the 4th Avenue house several weeks before July 6, 2006, and had been told not to come back.
- According to Lopez-Schwanz, there was no "green light" or order to kill David Dragna by anyone.
- Further, there was no "green light" on E.G., as E.G. claims.
- Lopez-Schwanz' mother owned the 4th Avenue house and rented it to him.

II. THE LAW

Under Rule 15(a) of the Federal Rules of Criminal Procedure:

3

> "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data."

The key portion of the Rule is that "exceptional circumstances" exist. Such circumstances exist when a witness is unavailable to testify at trial and the testimony is material and/or such that its absence would result in an injustice. *U.S. v. Sanchez-Lima* 161 F.3d 545,548 (9th Cir. 1998); *United States v. Rich*, 580 F.2d 929, 933-34 (9th Cir.1978), cert. denied, 439 U.S. 935 (1978), (Rule 15 depositions "A defendant may depose a witness only if the witness may be unable to attend trial.").

Here, witness Lopez-Schwanz is an illegal alien and will be deported prior to trial. This circumstance amounts to unavailability. *U.S. v. Ramos* 45 F.3d 1519, 1523 (11th Cir. 1995). He has important, material, exculpatory testimony for the defense. These are the precise types of "exceptional circumstances" that Rule 15 contemplates.

The moving party may demonstrate the probable unavailability of a prospective deponent "through affidavits or otherwise." *U.S. v. Drogoul* 1 F.3d 1546, 1553 (11th Cir. 1993). Significantly, that

4

1  showing need not be conclusive before a deposition can be taken.
2  *United States v. Sines*, 761 F.2d 1434, 1439 (9th Cir.1985). "It
3  would be unreasonable and undesirable to require the government to
4  assert with certainty that a witness will be unavailable for trial
5  months ahead of time, simply to obtain authorization to take his
6  deposition." *Id.*

7  An alternative is the filing of a material witness complaint.
8  However, it would seem manifestly unfair to Lopez-Schwanz to hold
9  him for an additional 7 months in federal custody simply to testify
10 as a defense witness.

11 III. CONCLUSION

12 For the above reasons, defendant seeks the Rule 15 deposition
13 of defendant Raul Lopez-Schwanz. The defense contemplates
14 presenting the Court with a writ to bring Lopez-Schwanz to this
15 Court, and taking the deposition in this Court. In the alternative,
16 the defense seeks an order allowing the deposition to be taken at
17 the CDC facility where Lopez-Schwanz is housed currently.

18 Dated: 3-1-2011           S./ H. Dean Steward

19                           H. Dean Steward
                             Counsel for Defendant
20                           Cesar Munoz Gonzalez

5

DECLARATION OF COUNSEL

I, H. Dean Steward, declare:

1. I am appointed counsel for defendant Cesar Munoz Gonzalez. I make this declaration in support of his motion for a Rule 15 Deposition of witness Raul Lopez-Schwanz, CDC #P-06208.

2. Lopez-Schwanz is currently in the custody of the California Department of Corrections and Rehabilitation.

3. I interviewed Loez-Schwanz on Dec. 30, 2010. He told me:

● The drugs at the 4th Avenue house had no connection to Rafael Gonzalez and/or his brother, Cesar Gonzalez. Also, the weapons, scales and other items seized had no connection to the Gonzalez brothers.

● Government informant E.G. did not frequent the 4th Avenue house as he claims. He was not welcome there, and Lopez-Schwanz said E.G. was a "known piece of s___". E.G. was specifically not welcome at the 4th Avenue house and was not there at all the day of the murder of David Dragna, charged in count 4 herein. E.G. had been "kicked out" of the 4th Avenue house several weeks before July 6, 2006, and had been told not to come back.

● According to Lopez-Schwanz, there was no "green light" or order to kill David Dragna by anyone.

● Further, there was no "green light" on E.G., as E.G. claims.

● Lopez-Schwanz' mother owned the 4th Avenue house and rented it to him.

He also said he was an illegal alien, is due to be released in April, and will be deported shortly thereafter.

4. My investigator tried to determine the exact release date of the

1 witness, but the CDC does not release that information. I am
2 concerned that the date may be early April or even sooner.
3 5. I have spoken with AUSA Christopher Pelham about this motion,
4 and provided him with details about the potential deponent and what
5 he would say. Mr. Pelham's office is still considering whether they
6 can stipulate to the motion, or will oppo
7 se it.
8 I declare under penalty of perjury that the foregoing is true and
9 correct.
10 Dated: March 1, 2011           S./ H. Dean Steward

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C., San Clemente, CA 92672.

    I am not a party to the above entitled action. I have caused, on March 1, 2011, service of the defendant's:

**Notice of Motion for Rule 15 Deposition**

on the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA Christopher Pelham**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 1, 2011

s./ H. Dean Steward

8